Note: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

———————————

**INDACON, INC.,**
*Plaintiff-Appellant,*

**v.**

**FACEBOOK, INC.,**
*Defendant-Appellee.*

———————————

2015-1129

———————————

Appeal from the United States District Court for the Western District of Texas in No. 5:10-cv-00966-OLG, Judge Orlando L. Garcia.

--------------------------------------------------------------------------------

**INDACON, INC.,**
*Plaintiff-Appellee,*

**v.**

**FACEBOOK, INC.,**
*Defendant-Appellant.*

———————————

2015-1130

———————————

Appeal from the United States District Court for the Western District of Texas in No. 5:10-cv-00966-OLG, Judge Orlando L. Garcia.

————————————

**ON MOTION**

————————————

Before O'MALLEY, WALLACH, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

**O R D E R**

Cross-Appellant Facebook, Inc. moves for a determination that this court has jurisdiction over its cross-appeal. Indacon, Inc. argues that this court lacks jurisdiction over the cross-appeal.

Indacon sued Facebook alleging patent infringement. Facebook did not assert any counterclaims, instead asserting only various affirmative defenses, including a defense that claims of the asserted patent were invalid for indefiniteness. Facebook moved for summary judgment on its defense of indefiniteness, and the district court accepted the magistrate judge's recommendation to deny the motion.

After the district court subsequently construed disputed terms of the asserted patent, the court entered a stipulated judgment of non-infringement, stating that "[i]n the event that the Claim Construction Order is vacated, reversed, or otherwise modified on appeal, such that the matter is remanded for further proceedings, the parties expressly reserve and may reassert in this litigation all of their respective claims, arguments, and defenses, except to the extent addressed and resolved by the Court of Appeals." Mot., Ex. E ¶ 11.

Indacon then filed an appeal of the district court's claim construction order, and Facebook filed a cross-

appeal concerning the denial of its motion for summary judgment of indefiniteness.

This court rejected a cross-appeal under very similar circumstances in *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354 (Fed. Cir. 2004). There, Birchwood Lighting, Inc. raised invalidity only as an affirmative defense and not a counter claim. *Id.* at 1366. The district court denied summary judgment of invalidity and did not enter final judgment concerning the issue. This court rejected the relevant portion of Birchwood's cross-appeal because "there was no final judgment against Birchwood on the invalidity issue, but only an order denying its request for summary judgment, it is improper for Birchwood to pursue a cross-appeal on that issue." *Id.* (internal citation omitted).

Facebook attempts to distinguish the present case by arguing that this denial is appealable because in denying the motion, the district court stated that "disputed facts . . . are unnecessary to the Court's denial of summary judgment." Mot., Ex. D at 2. Thus, Facebook contends that there are no indefiniteness issues to be determined at trial, arguing essentially that this denial of its summary judgment motion should operate as a denial of a motion for judgment as a matter of law. In support of its argument, Facebook relies on *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012).

The fact that entry of a limited judgment occurred before the opportunity for Facebook to raise its invalidity argument at trial or in post-trial motions easily distinguishes this case from *ePlus*. *ePlus* determined only that an argument made in a post-verdict JMOL motion was not waived even though not raised at trial because "the district court regarded its ruling on summary judgment to be the last word on the matter until appeal." *Id.* at 517-18. It did not purport to decide that the mere denial of a summary judgment motion can be appealed. Because in

this case, as *Lighting World*, Facebook asserted invalidity only as an affirmative defense and no judgment was entered as to the issue of invalidity, a cross appeal on the issue is improper.

In the event of a remand concerning claim construction issues, the district court made clear that Facebook may pursue its defenses notwithstanding its earlier denial of summary judgment. Therefore this order should not be construed as foreclosing Facebook from later seeking appellate review regarding its indefiniteness arguments should the district court ultimately enter an appealable judgment against Facebook on the issue.

Accordingly,

IT IS ORDERED THAT:

(1)    Facebook's cross-appeal is dismissed.

(2)    The revised official caption for Case No. 2015-1129 is reflected above.

(3)    Each side shall bear its own costs as to Case No. 2015-1130.

(4)    The appellant's brief shall be due within 30 days of the date of filing of this order.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s31

ISSUED AS A MANDATE (as to 2015-1130 only):

February 24, 2015